```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK


    UNITED STATES OF AMERICA,    *     Docket No. 19-cr-00074
                                 *
                                 *     Buffalo, New York
              v.                 *     April 16, 2020
                                 *     2:45 p.m.
                                 *
    GUILLERMO TORRES-ACEVEDO,    *     SENTENCING
                                 *
                                 *
                                 *
    * * * * * * * * * * * * * * *


                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE FRANK P. GERACI, JR.
                UNITED STATES CHIEF DISTRICT JUDGE


  APPEARANCES:

  For the Government:         JAMES P. KENNEDY, JR.,
                              UNITED STATES ATTORNEY,
                              By MEGHAN TOKASH, ESQ.,
                              Assistant United States Attorney,
                              Federal Centre,
                              138 Delaware Avenue,
                              Buffalo, New York  14202,
                              Assistant United States Attorney,
                              Appearing for the United States,
                              Via telephone.


  For the Defendant:          FEDERAL PUBLIC DEFENDER
                              By ALEXANDER ANZALONE, ESQ.,
                              100 Pearl Street,
                              Suite 200,
                              Buffalo, New York  14202.

  Probation Officer:          Lisa Ferraro,
                              Via telephone.

  Court Reporter:             BONNIE S. WEBER,
                              Notary Public
                              Robert H. Jackson Courthouse
                              2 Niagara Square
                              Buffalo, NY 14202
```

1        Proceedings recorded by mechanical stenography,
            transcript produced by computer.
2

3          (Proceedings commenced at 2:45.)

4

5          **THE CLERK:**  May I ask who is on the phone?

6          **MS. TOKASH:**  Meghan Tokash.

7          **MS. FERRARO:**  Lisa Ferraro, US probation officer.

8          **THE CLERK:**  Lisa Ferraro?

9          **MS. FERRARO:**  Yes.  I'm here.

10         **THE COURT:**  We're waiting for the defendant to
11   appear.

12         (Discussion off the record.)

13         (Defendant entered the Courtroom.)

14         **THE COURT:**  Call the case, Jane.

15         **THE CLERK:**  Yes, Judge.  Criminal action 2019-CR-74.
16   United States versus Guillermo Torres-Acevedo.

17         Counsel, please state your name and the party you
18   represent for the record.

19         **MS. TOKASH:**  Meghan Tokash for the Government.

20         **MR. ANZALONE:**  Good afternoon, Your Honor.  Alexander
21   Anzalone from the public defender's office on behalf of
22   Mr. Torres-Acevedo, who is present to my left and handcuffed.

23         **THE COURT:**  Thank you.

24         Are you Guillermo Torres-Acevedo?

25         **THE DEFENDANT:**  Yes, Your Honor.

1    **THE COURT:**  This matter is on for sentencing.  The
2    Court is ready to proceed.  The Court has received a certified
3    copy of a stay from the Second Circuit Court of Appeals,
4    indicating that the proceeding is temporarily stayed.
5            That the stay of the sentencing has been granted,
6    pending determination of petition for writ of mandamus by a
7    three judge panel.
8            The history of this case is that the matter was
9    scheduled for sentencing.  The Government did move on April 9th
10   to adjourn the sentencing, based upon the indication of the
11   minor victim and two adult family members could not be present
12   on today's date.
13           The Court did deny that application for a 90 day
14   adjournment by the Government.  The defense did object to that
15   particular request.
16           On April 13th, the Government moved for
17   reconsideration of the Court's order.  The Court again
18   considered the rights of both parties, of the defendant and the
19   victim in this case, and again denied that application,
20   recognizing the right of the victim to be afforded certain
21   rights to be reasonably heard at the public proceeding,
22   suggesting that the victim and the two adult support members
23   could be present by telephone, by video or in person, if they
24   wished to do that.
25           Ms. Tokash, did your office make any effort to have

1  the victim transported here today?

2  **MS. TOKASH:** Judge, we did -- well, through the FBI
3  victim witness liaison, who was willing to help the victim in
4  whatever way possible.

5  The victim lives with her father and, therefore, the
6  mother would not give parental consent for the FBI victim
7  specialist to assist her daughter or go in and talk with her
8  daughter.

9  **THE COURT:** Okay.

10  **MS. TOKASH:** So that -- that was inaccurate that we
11  tried to make a -- kind of like a backup plan. And from
12  speaking with the victim liaison at the FBI, her name is Brandi
13  Gross, she told me this morning that the mother of the minor
14  victim did not give her permission.

15  **THE COURT:** Okay. And did -- was there any attempt
16  to get the mother or grandmother down here?

17  **MS. TOKASH:** No, Judge. Just because they refused
18  the offer to come be physically present.

19  **THE COURT:** Okay. Was that --

20  **MS. TOKASH:** They told -- I'm sorry, sir.

21  **THE COURT:** Go ahead. Finish.

22  **MS. TOKASH:** They -- they told Ms. Gross that they
23  wanted to stay -- stay in their homes and not leave.

24  **THE COURT:** Okay. Was that information conveyed to
25  the Circuit, do you know?

1           **MS. TOKASH:**  I don't know, Judge.  I don't think that
2    it was in the filings, as I did not convey that information to
3    the Circuit.
4           If the Court believes I have a duty to do so, I
5    absolutely will.  I can and will.
6           **THE COURT:**  Yeah.  I think -- I think that would be
7    helpful, since they haven't had a hearing yet.  I believe
8    conveying that information that the mother refused to allow the
9    victim to be escorted here by a victim witness advocate with
10   the Federal Bureau of Investigations, I think that would be
11   information that they could -- that they would be interested in
12   having.
13          **MS. TOKASH:**  Sure.  Sure.  I believe -- I will be
14   sure to do that.  I think I can do that through the
15   administrative law attorney at the Second Circuit or -- well, I
16   will -- I will find the right way to do it and make sure that
17   that is done, Judge.
18          **THE COURT:**  Okay.  Thank you.
19          **MS. TOKASH:**  Yeah.
20          **THE COURT:**  Obviously, based upon the stay, the
21   sentencing cannot proceed today.  One thing I just wanted to
22   put on the record was that the victim did send a letter in.  I
23   believe her mother did.  Her grandmother did and some
24   photographs.
25          For some reason, they weren't filed until just a

1  couple of days ago.  And I think that was my chamber's fault,

2  because we somehow didn't file them.  They have been filed

3  under seal.

4         And, Mr. Anzalone, you do now have those?

5         **MR. ANZALONE:**  I do, Your Honor.  I have had them for

6  more than a few weeks.  I had them in time, so I had used them

7  in my sentencing motion.

8         **THE COURT:**  Okay.  So even though they weren't filed

9  with the Court, you had them?

10         **MR. ANZALONE:**  Yes.

11         **THE COURT:**  Okay.  Great.  I wanted to make sure that

12  that was the case.

13         **MR. ANZALONE:**  Okay.

14         **THE COURT:**  Okay.  I just wanted to make it clear on

15  the record, that is there any indication here that the Court is

16  insensitive to the victim's rights here, that's certainly not

17  fair or the case whatsoever.

18         In any event, we'll put this matter on for May 21st

19  at 3 p.m. for sentencing, obviously, pending a further decision

20  of the Second Circuit Court of Appeals.

21         Thank you.

22         **MR. ANZALONE:**  And, Your Honor --

23         **MS. TOKASH:**  Thank you, Your Honor.

24         **MR. ANZALONE:**  Can I just ask a question?

25         **THE COURT:**  Sure.

1     **MR. ANZALONE:**  So if the Second Circuit were to deny
2  the request for mandamus, could the defense make a motion to
3  move that date up?
4     **THE COURT:**  You could.  The problem is I'm not back
5  in Buffalo, personally, until May 21st.
6     **MR. ANZALONE:**  Okay.
7     **THE COURT:**  If the defendant wants to consent to a
8  video conferencing or telephonic conferencing, if that is not
9  available, then he could do that.  But if he wants to do it in
10 person, it would have to be May 21st at 3:00 p.m.
11    **MR. ANZALONE:**  Okay.  Would it be an option to appear
12 personally in Rochester?
13    **THE COURT:**  There could be.  Yeah.  You could make
14 that application.
15    **MR. ANZALONE:**  I guess we'll address that if the
16 Second Circuit --
17    **THE COURT:**  Sure.  Depending on what the Circuit
18 does.
19    **MR. ANZALONE:**  Okay.
20    **THE COURT:**  Okay.  Thank you.
21    **MS. TOKASH:**  Thank you, Judge.
22    **MR. ANZALONE:**  Thank you, Your Honor.
23    (Proceedings adjourned at 2:57 p.m.)
24                        *   *   *
25

1  "I certify that the foregoing is a correct transcript from the
2  record of proceedings in the above-entitled matter."
3
    *S/ Bonnie S. Weber*         April 16, 2020
4  Signature                                        Date
5  BONNIE S. WEBER